Harrison A. Pavlasek
State Bar No. 24126906
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: 817-877-8855
Facsimile: 817-877-4151
hpavlasek@forsheyprostok.com

*Proposed Attorneys for Debtor, M&G Transportation,
LLC*

Patrick W. Carothers (PA ID No. 85721)*
Gregory W. Hauswirth (PA ID No. 307482)*
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA  15220
Telephone:  412.910.7500
Facsimile:  412.910.7510
pcarothers@ch-legal.com
ghauswirth@ch-legal.com

*pro hac vice pending

*Proposed Attorneys for Debtor, M&G Transportation,
LLC*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| M&G Transportation, LLC, | ) | Bankruptcy Case No. _____ |
| | ) | |
| Debtor. | ) | |
| | ) | |

### DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO: (I) PAY PRE-PETITION ACCRUED EMPLOYEE WAGES, SALARIES AND EMPLOYEE COMPENSATION; AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE ROBERT L. JONES, U.S. Bankruptcy Judge:

M&G Transportation, LLC (the "Debtor"), by and through its proposed undersigned counsel, hereby files this *Emergency Motion For Entry of An Order Authorizing Debtor to: (I) Pay Pre-Petition Accrued Employee Wages, Salaries and Employee Compensation; and (II) Granting Related Relief* (the "Motion"). In support of the Motion, Debtor relies upon and incorporates by reference the *Declaration of Manuel Gutierrez* in Support of Chapter 11 Petition and First Day Motions (the "Gutierrez Declaration"), and avers as follows:

### JURISDICTION AND VENUE

Debtor's Emergency Motion for Entry of an Order Authorizing
Debtor to (I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief

1

1.      On May 15, 2024 (the "Petition Date"), Debtor commenced this Chapter 11, Subchapter V bankruptcy case (this "Chapter 11 Case") through the filing of its voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C §§ 101-1501 et seq. (the "Bankruptcy Code").

2.      This matter is a core proceeding within the meaning of 28 U.S.C, § 157(b)(2)(A). Venue of this Chapter 11 Case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 363, 507(a)(4)-(5), 541, 1107(a) and 1108 of the Bankruptcy Code. Such relief is also warranted pursuant to Bankruptcy Rule of Procedure 6003.

## BACKGROUND

4.      Debtor remains in possession of its assets and continues to operate and manage its business as a "debtor-in-possession" pursuant to Subchapter V of the Bankruptcy Code.

5.      Information regarding Debtor's history and business operations and events leading up to the commencement of this Chapter 11 Case is more fully described in the *Gutierrez Declaration*, which is contemporaneously filed with this Motion on the Petition Date and is incorporated herein by reference.

## RELIEF REQUESTED

6.      Debtor seeks the following authority from the Court, to exercise in its sole discretion:

   a. To honor and pay, when due, all prepetition wages, salaries, and any other pre-petition employee compensation;

   b. To pay Debtor's share of applicable employment taxes in connection with the pre-petition compensation;

   c. To make all appropriate payroll deductions and to forward the deductions to the appropriate third parties; and

Debtor's Emergency Motion for Entry of an Order Authorizing
Debtor to (I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief                    2

d.  Debtor requests that all applicable banks and other financial institutions be authorized to receive, process, honor and pay all checks presented for payments and to honor all funds transfer requests made by Debtor related to such employee obligations, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date (including checks that may have been presented and dishonored).

7.      Specifically, Debtor seeks approval for payment of earned compensation and benefits of Debtor's entire workforce, which consists of approximately 25 full-time employees. Debtor's workforce consists of non-union employees, and includes Manuel Gutierrez and German Gutierrez, the members of Debtor.

8.      Debtor seeks authority to honor and pay various pre-petition wages and benefits that had not been issued or had not been cashed as of the Petition Date (the "Employee Obligations"). Generally, Debtor pays the employees' regular salary and wages one week in arrears on a weekly basis.  In addition, to the extent any employee is entitled to earn overtime, overtime is paid on the same schedule.

9.      The "Pre-Petition Pay Period" would include (1) payroll for the pay cycle beginning May 4, 2024 and ending on May 10, 2024; and (2) the remaining payroll to be paid on May 24, 2024 covering the pay period between May 11, 2024 and the Petition Date.  Therefore, Debtor estimates that the total amount of the Employee Obligations as of the Petition Date for the Pre-Petition Pay Period is approximately $59,500.00.

10.     There are no employees who are currently owed, whether for the Pre-Petition Pay Period in excess of the statutory priority maximums under section 507(a)(4) of the Bankruptcy Code.

**BASIS FOR RELIEF REQUESTED**

**A.  Payment of the Employee Obligations Should be Authorized under Section 507(A) of the Bankruptcy Code.**

Debtor's Emergency Motion for Entry of an Order Authorizing
Debtor to (I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief

3

11.     Sections 507(a)(4) and 507(a)(5) require that certain claims for prepetition wages, salaries, and employee compensation are entitled to priority in payment in an amount not to exceed certain statutory caps. To that end, Debtor's request for authority to pay these claims now merely constitutes a request to accelerate payment in order to avoid the devastation of employee morale and the operation of Debtor's business. Further, the amount outstanding to any individual employee does not exceed the requisite statutory caps of sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

12.     Accordingly, granting the relief requested will not adversely affect Debtor's other unsecured creditors.

**B.  The Proposed Payments are Appropriate under Section 363 of the Bankruptcy Code.**

13.     Under Section 363 of the Bankruptcy Code, this Court is empowered to authorize a chapter 11 debtor to expend funds in the bankruptcy court's discretion outside of the ordinary course of business. See 11 U.S.C. § 363. In order to obtain approval for the use of the estate assets outside the ordinary course of business, Debtor must articulate a valid business justification for the requested use. See *In re Ionosphere Clubs, Inc.,* 98 BR, 174, 175 (Bankr. S.D. N.Y 1989). The preservation and protection of a debtor's business, the retention of a debtor's current working employees and the maintenance of positive employee morale provide a sufficient business justification for payment of prepetition wage, salary and benefit claims, even if such payment was deemed to be outside the ordinary course of business. *See Id.*

14.     Accordingly, this Court should grant the relief requested under section 363 of the Bankruptcy Code.

Debtor's Emergency Motion for Entry of an Order Authorizing
Debtor to (I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief

4

**C.  The Court Has Authority Pursuant to Bankruptcy Code Section 105(a) to Grant the Relief Requested.**

15.     Pursuant to section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent broad equitable powers.

16.     It is generally recognized that the continuation of a stable employee base and harmonious employee relations in operating a chapter 11 case is critical to a successful reorganization. As the court noted in *In re Chateaugay Corporation (LTV Corporation v. Aetna)*, 116 B.R. 887, 898 (Bankr. S.D.N.Y. 1990):

> [E]mployee good will and contentment is an asset which is vital to the continuation of a debtor's business operations and its ability to effectively reorganize during the chapter 11 process. In granting debtor's applications for permission to provide hardship payments to injured workers, this court determined that the uninterrupted payment of LTV steel workers' compensation obligations is essential to employee morale and industrial tranquility which, in turn, are critical to a successful reorganization.
>
> *Id.*

17.     Similarly, in *In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. LA. 1989), the court endorsed the payment of pre-petition employee wage claims because "retention of skills, organization and reputation for performance must be considered valuable assets contributing to going concern value and aiding rehabilitation where that is possible."

18.     The Bankruptcy Code affords special treatment to certain pre-petition claims of employees. Compared to a typical claim in bankruptcy, wages represent a large portion of an employee's wealth and economic well-being. In addition, unlike an ordinary trade creditor, the

Debtor's Emergency Motion for Entry of an Order Authorizing
Debtor to (I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief
5

Case 24-20129-rlj11   Doc 4   Filed 05/15/24   Entered 05/15/24 13:18:08   Desc Main
Document      Page 6 of 12


typical employee does not have other sources of income and thus cannot diversify the risk of the employer's default. Employees' wages are essential in providing the basic necessities for the living expenses of employees and their families including housing, food and transportation costs.

19.     Accordingly, this Court should grant the relief requested under section 105(a) of the Bankruptcy Code.

**D. Debtor Requests Authority for Debtor's Bank to Honor Checks and Transfer Related to Employee Obligations and Maintenance of Payroll Accounts.**

20.     Finally, Debtor requests that all applicable banks and other financial institutions be authorized to receive, process, honor and pay all checks presented for payments and to honor all funds transfer requests made by Debtor related to Employee Obligations, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date (including checks that may have been presented and dishonored).

### NOTICE

21.     Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (i) Office of the United States Trustee; (ii) Triumph Financial Services, LLC; (iii) United States Internal Revenue Service; and (iv) the twenty (20) largest unsecured creditors of Debtor.  Debtor submits that, in light of the relief requested, no other or further notice need be provided.

### NO PRIOR REQUEST

22.     No prior motion for the relief requested herein has been made to this or any other Court.

### CONCLUSION

Debtor's Emergency Motion for Entry of an Order Authorizing
Debtor to (I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief

6

WHEREFORE, Debtor requests entry of an Order granting the relief requested herein and such other and further relief as is just and proper.

Date: May 15, 2024                          Respectfully submitted,

                                            CAROTHERS & HAUSWIRTH LLP

                                            */s/ Gregory W. Hauswirth*
                                            Patrick W. Carothers (PA ID No. 85721)*
                                            Gregory W. Hauswirth (PA ID No. 307482)*
                                            Foster Plaza 10
                                            680 Andersen Drive, Suite 230
                                            Pittsburgh, PA 15220
                                            Telephone: 412.910.7500
                                            Facsimile: 412.910.7510
                                            pcarothers@ch-legal.com
                                            ghauswirth@ch-legal.com

                                            *pro hac vice pending*

                                            *Proposed Attorneys for Debtor, M&G*
                                            *Transportation, LLC*

                                            -and-

                                            FORSHEY & PROSTOK LLP

                                            */s/ Harrison A. Pavlasek*
                                            Harrison A. Pavlasek
                                            State Bar No. 24126906
                                            777 Main St., Suite 1550
                                            Fort Worth, TX 76102
                                            Telephone: 817-877-8855
                                            Facsimile: 817-877-4151
                                            hpavlasek@forsheyprostok.com

                                            *Proposed Attorneys for Debtor, M&G*
                                            *Transportation, LLC*

**Debtor's Emergency Motion for Entry of an Order Authorizing
Debtor to (I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief**

7

## <u>CERTIFICATE OF CONFERENCE</u>

As of May 15, 2024, counsel for Debtor was able to confer as follows:

1. Counsel for Debtor was able to speak with counsel for Triumph Financial Services, LLC and such creditor does not oppose the relief requested in the Motion.

2. Counsel for Debtor was able to speak with representatives of the Internal Revenue Service (Revenue Officer Rasheedah Cherry and Advisory Representative Billy Brooks) who did not take a position on the motion.  Counsel for the Internal Revenue Service was not available to speak on the Motion.

3. Additionally, due to the emergency nature of this filing and the infancy of this bankruptcy case, the undersigned counsel has not been able to speak with counsel for trial attorneys for the Office of the U.S. Trustee for Region 6.  At this time, counsel does not know the position of the Office of the U.S. Trustee for Region 6 with respect to the relief requested in the Motion.

*/s/ Gregory W. Hauswirth*
Gregory W. Hauswirth

**Debtor's Emergency Motion for Entry of an Order Authorizing
Debtor to (I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief**

8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| M&G Transportation, LLC, | ) | Bankruptcy Case No. _____ |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING DEBTOR'S EMERGENCY
MOTION FOR AUTHORITY TO (I) PAY PRE-PETITION
ACCRUED EMPLOYEE WAGES, SALARIES AND EMPLOYEE
COMPENSATION; AND  (II) RELIEF RELATED TO THE FOREGOING**

Upon consideration of the *Emergency Motion for an Order Authorizing Debtor to: (1) Pay Pre-Petition Accrued Employee Wages, Salaries and Any Other Pre-Petition Employee Compensation; and (2) Relief Related to the Foregoing* (the "Motion"),[1] it is hereby ORDERED:

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**Order Granting Debtor's Emergency Motion For Authority to
(I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief**

1

1.  The Motion is GRANTED upon the terms set forth herein.

2.  Debtor is authorized, but not directed, in the ordinary course of business and in accordance with Debtor's standard policies and prepetition practices, (a) to honor and pay all prepetition wages, salaries, benefits and any other pre-petition employee compensation; (b) honor and pay Debtor's share of applicable employment taxes in connection with the pre-petition compensation; and (c) to make all appropriate payroll deductions and to forward the deductions to the appropriate third parties, in an amount not to exceed $59,500.00 (the "Pre-Petition Payroll").

3.  Debtor is authorized to pay the Pre-Petition Payroll as set forth above, subject to the limitations contained in sections (507)(a)(4) and (a)(5) of the Bankruptcy Code.

4.  The requirements set forth in Bankruptcy Rule 6003(b) are satisfied or otherwise deemed waived.

5.  Notwithstanding the possible application of Bankruptcy Rules 6004(h), 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and is not stayed.

6.  The entry of this Order is without prejudice to: (i) Office of the United States Trustee; and (ii) any creditor of Debtor's estate to file an objection to the Motion or this Order within thirty (30) days of the date hereof.

7.  Debtor's payment of the Pre-Petition Payroll remains subject to any valid objection filed by a party identified in Paragraph 6 herein.  If the Court determines such objection to be valid, Debtor shall be responsible for pursuing and recovering the Pre-Petition Payroll from its employees.

**Order Granting Debtor's Emergency Motion For Authority to**
**(I) Pay Pre-Petition Accrued Employee Wages, Salaries**
**and Employee Compensation; and (II) Granting Related Relief**

8. To the extent Debtor's bankruptcy estate is determined to be administratively insolvent, all parties' rights are expressly reserved to seek disgorgement of the Pre-Petition Payroll from Debtor's employees.

9. Nothing contained in this Order shall require or should be construed to create an administrative priority claim on account of obligations owing to Debtor's employees for services performed pre-petition.

10. Nothing in the Motion or this Order, nor as a result of Debtor's payment of the Pre-Petition Payroll pursuant to this Order, shall be deemed or construed as a waiver of the right of Debtor, or any other party in interest, or shall impair the ability of Debtor, or any other party in interest, to contest the validity and amount of any payment made pursuant to this Order.

11. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. The Court shall retain jurisdiction to enforce, modify, extend or interpret this Order.

### ###End of Order ###

**Order Granting Debtor's Emergency Motion For Authority to**
**(I) Pay Pre-Petition Accrued Employee Wages, Salaries**
**and Employee Compensation; and (II) Granting Related Relief**

Order Submitted by:

CAROTHERS & HAUSWIRTH LLP

*/s/ Gregory W. Hauswirth*
Patrick W. Carothers (PA ID No. 85721)*
Gregory W. Hauswirth (PA ID No. 307482)*
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA  15220
Telephone:  412.910.7500
Facsimile:  412.910.7510
pcarothers@ch-legal.com
ghauswirth@ch-legal.com

*pro hac vice pending*

*Proposed Attorneys for Debtor, M&G Transportation, LLC*

-and-

FORSHEY & PROSTOK LLP

*/s/ Harrison A. Pavlasek*
Harrison A. Pavlasek
State Bar No. 24126906
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: 817-877-8855
Facsimile:  817-877-4151
hpavlasek@forsheyprostok.com

*Proposed Attorneys for Debtor, M&G Transportation, LLC*

**Order Granting Debtor's Emergency Motion For Authority to
(I) Pay Pre-Petition Accrued Employee Wages, Salaries
and Employee Compensation; and (II) Granting Related Relief**                              4