Harrison A. Pavlasek
State Bar No. 24126906
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: 817-877-8855
Facsimile:  817-877-4151
hpavlasek@forsheyprostok.com

*Proposed Attorneys for Debtor, M&G Transportation, LLC*

Patrick W. Carothers (PA ID No. 85721)*
Gregory W. Hauswirth (PA ID No. 307482)*
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA  15220
Telephone:  412.910.7500
Facsimile:  412.910.7510
pcarothers@ch-legal.com
ghauswirth@ch-legal.com

*pro hac vice pending

*Proposed Attorneys for Debtor, M&G Transportation, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| M&G Transportation, LLC, | ) Bankruptcy Case No. _____ |
| | ) |
| Debtor. | ) |
| | ) |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION INDEPENDENT CONTRACTOR OBLIGATIONS**

TO THE HONORABLE ROBERT L. JONES, U.S. Bankruptcy Judge:

M&G Transportation, LLC ("Debtor"), by and through its proposed undersigned counsel, hereby files this *Emergency Motion for Entry of An Order Authorizing Payment of Pre-Petition Independent Contractor Obligations* (the "Motion").  In support of the Motion, Debtor relies upon and incorporates by reference the *Declaration of Manuel Gutierrez* in Support of Chapter 11 Petition and First Day Motions (the "Gutierrez Declaration"), and avers as follows:

**JURISDICTION AND VENUE**

1. On May 15, 2024 (the "Petition Date"), Debtor commenced this Chapter 11, Subchapter V bankruptcy case (this "Chapter 11 Case") through the filing of its voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C §§ 101-1501 et seq. (the "Bankruptcy Code").

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue of this Chapter 11 Case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 363, Section 507(a)(4)(B) of the Bankruptcy Code. Such relief is also warranted pursuant to Bankruptcy Rule of Procedure 6003.

## BACKGROUND

4.      Debtor remains in possession of its assets and continues to operate and manage its business as a "debtor-in-possession" pursuant to Subchapter V of the Bankruptcy Code.

5.      Information regarding Debtor's history and business operations and events leading up to the commencement of this Chapter 11 Case is more fully described in the *Gutierrez Declaration*, which is contemporaneously filed with this Motion on the Petition Date and is incorporated herein by reference.

6.      Debtor subcontracts with various independent contractors (the "Independent Contractors") to perform trucking and freight transportation services. Some of these Independent Contractors are owner-operators who operate their own trucks, while others are individual drivers who operate the trucks owned by Debtor.

7.      Debtor does not pay wages, withhold taxes, or provide benefits or paid time off to the Independent Contractors. Instead, Debtor makes payments to the Independent Contractors on a weekly basis for loads hauled the preceding week.

8.      Debtor depends on the Independent Contractors to perform transportation services. The work performed by the Independent Contractors is critical to Debtor's continued operations. There are 15 Independent Contractors owed payment for the time period between April 29, 2024 and the Petition Date (the "Independent Contractor Obligations"). If the Independent Contractors

remain unpaid and are required (individually) to file claims, they will suffer great hardship and will likely terminate their relationship with Debtor, causing unnecessary harm to Debtor. Debtor would be unable to meet the needs of its customers without the continued support of the Independent Contractors.

**RELIEF REQUESTED**

9. Debtor seeks an order of the Court authorizing payment in the ordinary course of business of certain pre-petition compensation owed to the Independent Contractors.

10. Debtor incurs payment obligations to the Independent Contractors for the performance of their services in the ordinary course of business.

11. Debtor requests authority to pay the accrued, pre-petition Independent Contractor Obligations. As of the Petition Date, accrued and unpaid Independent Contractor Obligations total $90,000.00.

12. All of the Independent Contractors that Debtor proposes to pay will have a priority claim for unpaid services rendered under Section 507(a)(4)(B) of the Bankruptcy Code. Debtor has, or will have, sufficient funds on deposit to satisfy all the pre-petition Independent Contractor Obligations so that the banks will not be prejudiced by any order directing them to honor Debtor's checks for fund transfer requests with respect to such amounts.

**I.     LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF SOUGHT**

13. Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

14. Section 363(c) of the Bankruptcy Code provides:

If the business of Debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. § 363(c).

15. Additionally, the "necessity of payment" doctrine recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential the continued operation of Debtor. *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989). This doctrine is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of Debtor." *Id*. at 176.

16. In the instant case, the continued operation of Debtor's business and its successful reorganization depends upon retention of the services of its Independent Contractors. It is critical that Debtor be authorized to continue regular payment of its Independent Contractors. Moreover, if the checks issued and funds transfers requested in payment of the Independent Contractor Obligations are dishonored, or if such accrued obligations are not timely paid post-petition, Debtor's Independent Contractors will suffer extreme personal hardship and will likely terminate their relationship with Debtor. This would force Debtor to seek new independent contractors to perform driving and trucking services, if it is even able to identify and retain such new contractors.

17. Further, the authority to pay Independent Contractor Obligations in accordance with Debtor's pre-petition business practices is in the best interest of Debtor, Debtor's estate, and creditors, and will enable Debtor to continue to operate its business in an economic, efficient manner without disruption. Because the Independent Contractors are central to Debtor's operations and vital to its reorganization, the loss of personnel at this critical time would have a serious impact on the value of Debtor's business, and its ability to reorganize in this Chapter 11 Case.

## NOTICE

18. Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (i) Office of the United States Trustee; (ii) Triumph Financial Services, LLC; (iii) United States Internal Revenue Service; and (iv) the twenty (20) largest unsecured creditors of Debtor. Debtor submits that, in light of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

19. No prior motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Debtor requests entry of an Order granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Date: May 15, 2024 | Respectfully submitted,<br><br>CAROTHERS & HAUSWIRTH LLP<br><br>*/s/ Gregory W. Hauswirth*<br>Patrick W. Carothers (PA ID No. 85721)*<br>Gregory W. Hauswirth (PA ID No. 307482)*<br>Foster Plaza 10<br>680 Andersen Drive, Suite 230<br>Pittsburgh, PA 15220<br>Telephone: 412.910.7500<br>Facsimile: 412.910.7510<br>pcarothers@ch-legal.com<br>ghauswirth@ch-legal.com<br><br>**pro hac vice pending*<br><br>*Proposed Attorneys for Debtor, M&G Transportation, LLC*<br><br>-and-<br><br>FORSHEY & PROSTOK LLP<br><br>*/s/ Harrison A. Pavlasek*<br>Harrison A. Pavlasek<br>State Bar No. 24126906<br>777 Main St., Suite 1550<br>Fort Worth, TX 76102<br>Telephone: 817-877-8855<br>Facsimile: 817-877-4151<br>hpavlasek@forsheyprostok.com<br><br>*Proposed Attorneys for Debtor, M&G Transportation, LLC* |

## **CERTIFICATE OF CONFERENCE**

As of May 15, 2024, counsel for Debtor was able to confer as follows:

1. Counsel for Debtor was able to speak with counsel for Triumph Financial Services, LLC and such creditor does not oppose the relief requested in the Motion.

2. Counsel for Debtor was able to speak with representatives of the Internal Revenue Service (Revenue Officer Rasheedah Cherry and Advisory Representative Billy Brooks) who did not take a position on the motion. Counsel for the Internal Revenue Service was not available to speak on the Motion.

3. Additionally, due to the emergency nature of this filing and the infancy of this bankruptcy case, the undersigned counsel has not been able to speak with counsel for trial attorneys for the Office of the U.S. Trustee for Region 6. At this time, counsel does not know the position of the Office of the U.S. Trustee for Region 6 with respect to the relief requested in the Motion.

*/s/ Gregory W. Hauswirth*
Gregory W. Hauswirth

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| M&G Transportation, LLC, | ) | Bankruptcy Case No. _____ |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING DEBTOR'S EMERGENCY
MOTION FOR AUTHORITY TO PAY PRE-PETITION
INDEPENDENT CONTRACTOR OBLIGATIONS**

Upon consideration of the *Emergency Motion for Authority to Pay Pre-petition Independent Contractor Obligations (*the "Motion")[1], it is hereby ORDERED:

1. The Motion is GRANTED upon the terms set forth herein.

2. Debtor is authorized, but not directed, in the ordinary course of business and in accordance with Debtor's standard policies and prepetition practices, to honor and pay prepetition

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**Order Granting Debtor's Emergency Motion for Authority
to Pay Pre-Petition Independent Contractor Obligations**

1

independent contractor obligations in an amount not to exceed $90,000.00 (the "Independent Contractor Obligations").

3. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied or otherwise deemed waived.

4. The entry of this Order is without prejudice to: (i) Office of the United States Trustee; and (ii) any creditor of Debtor's estate to file an objection to the Motion or this Order within thirty (30) days of the date hereof.

5. Debtor's payment of the Independent Contractor Obligations remains subject to any valid objection filed by a party identified in Paragraph 4 herein. If the Court determines such objection to be valid, Debtor shall be responsible for pursuing and recovering the Independent Contractor Obligations from its Independent Contractors.

6. To the extent Debtor's bankruptcy estate is determined to be administratively insolvent, all parties' rights are expressly reserved to seek disgorgement of the Independent Contractor Obligations from the Independent Contractors.

7. Nothing contained in this Order shall require or should be construed to create an administrative priority claim on account of obligations owing to Debtor's Independent Contractors for services performed pre-petition.

8. Nothing in the Motion or this Order, nor as a result of Debtor's payment of the Independent Contractor Obligations pursuant to this Order, shall be deemed or construed as a waiver of the right of Debtor, or any other party in interest, or shall impair the ability of Debtor, or any other party in interest, to contest the validity and amount of any payment made pursuant to this Order.

**Order Granting Debtor's Emergency Motion for Authority
to Pay Pre-Petition Independent Contractor Obligations**

9. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. The Court shall retain jurisdiction to enforce, modify, extend or interpret this Order.

### ###End of Order ###

Order Submitted by:

CAROTHERS & HAUSWIRTH LLP

*/s/ Gregory W. Hauswirth*
Patrick W. Carothers (PA ID No. 85721)*
Gregory W. Hauswirth (PA ID No. 307482)*
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA 15220
Telephone: 412.910.7500
Facsimile: 412.910.7510
pcarothers@ch-legal.com
ghauswirth@ch-legal.com

*pro hac vice pending*

*Proposed Attorneys for Debtor, M&G Transportation, LLC*

-and-

FORSHEY & PROSTOK LLP

*/s/ Harrison A. Pavlasek*
Harrison A. Pavlasek
State Bar No. 24126906
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: 817-877-8855
Facsimile: 817-877-4151
hpavlasek@forsheyprostok.com

*Proposed Attorneys for Debtor, M&G Transportation, LLC*