

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 11, 2024**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| M&G Transportation, LLC, | ) Bankruptcy Case No. 24-20129-rlj11 |
| | ) |
| Debtor. | ) |
| | ) |

**FINDINGS OF FACTS, CONCLUSIONS OF LAW, AND ORDER
CONFIRMING M&G TRANSPORTATION, LLC's CHAPTER SUBCHAPTER
V PLAN OF REORGANIZATION DATED AUGUST 13, 2024, AS AMENDED**
[Relates to Dkt Nos. 83 and 100]

On August 13, 2024, Debtor, M&G Transportation, LLC ("Debtor"), filed *M&G Transportation LLC's Chapter 11 Subchapter V Plan of Reorganization Dated August 13, 2024* (the "Plan")[1] [Dkt No. 83]. On August 20, 2024, the Court entered its *Order (A) Scheduling a Hearing on Confirmation of Debtor's Chapter 11 Subchapter V Plan of Reorganization; (B) Approving Debtor's Solicitation Package; and (C) Setting Related Deadlines* (the "Order Setting Confirmation

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

1

Hearing") [Dkt No. 85]. The Order Setting Confirmation Hearing established deadlines for soliciting the Plan, voting on the Plan, objecting to confirmation of the Plan, and scheduled an evidentiary hearing on confirmation of the Plan for October 9, 2024, at 1:30 p.m. Central Time (the "Confirmation Hearing").

On August 23, 2024, Debtor provided to the U.S. Trustee's Office, the Subchapter V Trustee, creditors, and parties in interest a copy of the Plan, the Order Setting Confirmation Hearing, and a ballot for accepting or rejecting the Plan. [Dkt No. 89].

On September 6, 2024, Interstate Bank filed its *Objection to Confirmation of M&G Transportation, LLC's Chapter 11 Subchapter V Plan of Reorganization Dated August 13, 2024* (the "Interstate Bank Objection") [Dkt No. 93].

On September 26, 2024, the IRS filed its *Objection to Confirmation of Chapter 11 Plan (Doc. 83)* (the "IRS Objection") [Dkt No. 96].

On October 2, 2024, Debtor filed its *Tabulation of Ballots in Connection with Confirmation of M&G Transportation LLC's Chapter 11 Subchapter V Plan of Reorganization* [Dkt No. 97] (the "First Ballot Tabulation").

On October 4, 2024, (i) Debtor and Interstate Bank entered into the *Stipulation in Aid of Confirmation of Chapter 11 Subchapter V Plan of Reorganization Dated August 13, 2024* (the "Stipulation") [Dkt No. 99] thereby resolving the Interstate Bank Objection; and (ii) Debtor filed a *Response* to the IRS Objection [Dkt No. 98].

On October 7, 2024, Debtor filed an amendment to the Plan [Dkt No. 100] to (i) reflect the agreements made in the Stipulation; and (ii) incorporate informal comments received from the IRS. Debtor also filed an amendment to the First Ballot Tabulation [Dkt No. 102] (together with the First

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

Ballot Tabulation, the "Ballot Summary") reflecting votes received in connection with the Plan. The IRS subsequently withdrew the IRS Objection on October 8, 2024 [Dkt No. 104].

Based on the Court's review and consideration of: (i) the Plan; (ii) the Ballot Summary; (iii) the exhibits and testimony presented at the Confirmation Hearing; (iv) the arguments of counsel; and (v) the record before it, the Court makes the following findings of fact and conclusions of law and enters this Order Confirming the Plan:

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**IT IS THEREFORE ORDERED THAT:**

1. **Findings and Conclusions.** The findings and conclusions of the Court set forth in the record at the Confirmation Hearing, if any, are incorporated as if set forth herein.

2. **Jurisdiction and Venue.** This Court has jurisdiction over the above-captioned Chapter 11 bankruptcy case (the "Bankruptcy Case") pursuant to 28 U.S.C. § 1334. An Order approving the confirmation of a plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Bankruptcy Court has jurisdiction to enter a Final Order on the requested relief. Debtor is eligible for relief under Subchapter V of the Bankruptcy Code. Venue of the Bankruptcy Case and Plan is proper in the District and Division pursuant to 28 U.S.C. §§ 1408 and 1409.

**Compliance with Procedural Requirements.**

3. **Service of Solicitation Materials and Related Information.** As evidenced by the Certificate of Service filed by counsel for Debtor [Dkt No. 89], Debtor served all appropriate pleadings, notices, ballots, and other documents in accordance with the Order Setting Confirmation Hearing and Bankruptcy Rule 2002. Debtor timely and properly served the following: (i) the Plan; (ii) the Order Setting Confirmation Hearing; (iii) voting ballot; and (iv) a self-addressed return envelope, if applicable (collectively, the "Solicitation Package"). Adequate and sufficient notice of the

Findings of Fact, Conclusions of Law and
Order Confirming M&G Transportation, LLC's Plan

Solicitation Package has been given in accordance with Bankruptcy Rules 2002(b), 3019 and 3020, applicable local rules, and no further notice is required.

**Compliance with Confirmation Standards under §§ 1129, 1191, and Subchapter V of the Bankruptcy Code.**

4. **Debtor Has Satisfied Its Burden of Proof.** A plan proponent has the burden to prove the requirements for confirmation by a preponderance of the evidence. Here, Debtor has satisfied its burden of proof with respect to confirmation of the Plan. As set forth in detail below, the Plan fully complies with the applicable provisions of Sections 1129 and 1191, and Subchapter V of Chapter 11 of the Bankruptcy Code.

5. **Compliance with 11 U.S.C. § 1122 – Classification of Claims and Equity Security Interests.** In addition to Administrative Expense Claims, Priority Tax Claims and Subchapter V Trustee Fees, which need not be classified, the Plan classifies Claims and Equity Security Interests as follows:

| Class | Impaired / Not impaired |
|---|---|
| Class 1 – Triumph Secured Claim | Not impaired |
| Class 2 – USSBA Secured Claim | Not impaired |
| Class 3 – Interstate Bank Secured Claim | Impaired |
| Class 4 – Financial Pacific Secured Claim | Impaired |
| Class 5 – BMO Bank Secured Claim | Impaired |
| Class 6 – Citizens Bank Secured Claim | Impaired |
| Class 7 – Columbia River Secured Claim | Not impaired |
| Class 8 – Daimler Truck Secured Claim | Not impaired |
| Class 9 – Samson Secured Claim | Impaired |
| Class 10 – Global Merchant Secured Claim | Impaired |
| Class 11 – IRS Secured Claim | Not impaired |
| Class 12 – General Unsecured Claims | Impaired |
| Class 13 – Equity Security Interests | Not impaired |

6. The Court finds that valid business, legal, and factual reasons exist for the separate classification of each of the Classes of Claims and Equity Security Interests provided in the Plan, and that there is no unfair or inequitable discrimination between or among the Holders of Claims and

Findings of Fact, Conclusions of Law and
Order Confirming M&G Transportation, LLC's Plan

Equity Security Interests. All Claims and Equity Security Interests within each Class under the Plan are substantially similar and are afforded equal and reasonable treatment, other than to the extent that the claimant has agreed otherwise. Accordingly, the classification of Claims and Equity Security Interests under the Plan, as amended, satisfies the requirements of Section 1122 of the Bankruptcy Code.

7. **Compliance with 11 U.S.C. §§ 1123(a)(1)–(7) and 1190 – Mandatory Contents of Plan.** In accordance with Section 1123(a) of the Bankruptcy Code, the Plan: (1) designates Classes of Claims and Equity Security Interests, other than Claims of a kind specified in Sections 507(a)(2), 507(a)(3), or 507(a)(8); (2) specifies any Class of Claims and Equity Security Interests not Impaired under the Plan; (3) specifies the treatment of Classes of Claims and Equity Security Interests that are Impaired under the Plan; (4) provides the same treatment for each Claim or Equity Security Interest of a particular Class, unless the Holder of a particular Claim or Equity Security Interest has agreed to less favorable treatment of their Claim or Equity Security Interest classified thereunder; (5) provides adequate means for the Plan's implementation by (i) the continuation of Debtor's business operations; (ii) provisions for the payment of all Allowed Claims under the Plan; (iii) provisions for implementation of the Plan; and (iv) general authority for Debtor to take all actions necessary or appropriate to effect any transaction necessary or appropriate to effectuate the Plan; (6) does not involve or include the issuance of non-voting equity securities within the meaning of Section 1123(a)(6) of the Bankruptcy Code, including with respect to any Equity Security of a corporate Debtor or Reorganized Debtor; and (7) contains only provisions that are consistent with the interests of Holders of Claims and Equity Security Interests and with public policy with respect to the reinstatement of current management, including any officers and directors, as directors of Reorganized Debtor. In addition, the Plan complies with Section 1190 of the Bankruptcy Code by

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

including a brief history of Debtor, a liquidation analysis, and projections regarding Debtor's ability to satisfy Plan payments. Therefore, the Plan satisfies the requirements of Sections 1123(a) and 1190 of the Bankruptcy Code.

8. **Compliance with 11 U.S.C. § 1123(b) – Permissible Contents of Plan.** Consistent with Section 1123(b) of the Bankruptcy Code, the Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code, including provisions for: (i) the assumption or rejection and treatment of executory contracts and unexpired leases and corresponding Claims; and (ii) treatment of the rights of Holders of Claims and Equity Security Interests. The relief provided in the Plan is fair, equitable and necessary for the orderly implementation of the Plan and the administration of Debtor's estate. Therefore, the Plan satisfies the requirements of Section 1123(b) of the Bankruptcy Code.

9. **Compliance with 11 U.S.C. § 1126 – Acceptance of Plan.** Debtor filed the Ballot Summary attesting and certifying the results of ballot tabulation for Classes of Claims entitled to vote on the Plan. As indicated in the Ballot Summary, the Impaired Classes of Class 3 and Class 12 voted to accept the Plan. No ballots were received in Impaired single-member Class Nos. 4–6 and 9–10 to either accept or reject the Plan. An acceptance or rejection must be in writing, so the failure to vote is not a rejection. Fed. R. Bankr. P. 3018(c). Accordingly, Class Nos. 4–6 and 9–10, as single creditor Classes, are "deemed" to have accepted the Plan. *In re Link*, No. 02-20961, 2003 Bankr. LEXIS 2286, *5 (Bankr. N.D. Tex., Amarillo Division, Nov. 10, 2003), citing *In re Ruti-Sweetwater,* 836 F.2d 1263 (10th Cir. 1988). This Court finds that votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Section 1126 of the Bankruptcy Code, the Order Setting Confirmation Hearing, Bankruptcy Rules 3018 and 3019, other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

10. **Compliance with Confirmation Requirements of 11 U.S.C. § 1129(a).** With respect to compliance with the requirements of Section 1129 of the Bankruptcy Code, the Court finds as follows:

(a) <u>11 U.S.C. § 1129(a)(1).</u> The Plan complies with the applicable provisions of the Bankruptcy Code.

(b) <u>11 U.S.C. § 1129(a)(2).</u> Debtor, as a proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code. Debtor is a proper debtor under Section 1182 of the Bankruptcy Code. The Plan is in compliance with the sections applicable under Subchapter V as to Section 1189 (who may file a plan), Section 1122 (classification of Claims or Interests), Sections 1128, 1129, and 1191 (confirmation of plan), and the Bankruptcy Rules. Debtor complied with the Bankruptcy Code as to the transmission of ballots and all related documents and notices, and in soliciting and tabulating votes on the Plan.

(c) <u>11 U.S.C. § 1129(a)(3).</u> Debtor proposed the Plan in good faith and not by any means forbidden by law. The treatment of Holders of Claims and Equity Security Interests contemplated by the Plan was negotiated at arms' length, without collusion, and in good faith. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan, and the solicitation of votes to accept or reject the Plan.

(d) <u>11 U.S.C. § 1129(a)(4).</u> All payments and distributions made or to be made by Debtor and all payment terms set forth in the Plan for services or for costs and expenses in, or in connection with, the Bankruptcy Case, or in connection with the Plan and incident to this Bankruptcy Case, have been approved by, or are subject to approval of, this Court as reasonable, unless otherwise ordered by this Court.

(e) 11 U.S.C. § 1129(a)(5). The Plan provides for the current officers of Debtor to continue to serve as the officers of Debtor. The persons that must be identified pursuant to Section 1129(a)(5) of the Bankruptcy Code have been identified in the Plan, consistent with the interests of Claim and Equity Security Interest Holders and with public policy.

(f) 11 U.S.C. § 1129(a)(6). Debtor is not subject to any governmental regulatory commissions concerning any rates; therefore, Section 1129(a)(6) of the Bankruptcy Code is inapplicable and, thus, satisfied.

(g) 11 U.S.C. § 1129(a)(7). The liquidation analysis included in the Plan and the other evidence related thereto in support of the Plan that was proffered or adduced at or prior to the Confirmation Hearing are reasonable, persuasive, credible and establish that each Holder of an Impaired Claim or Equity Security Interest against Debtor either has accepted the Plan or will receive or retain under the Plan on account of such Claim or Equity Security Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would so receive or retain if Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

(h) 11 U.S.C. § 1129(a)(8). Class Nos. 3–6, 9–10, and 12 of the Plan are Impaired and entitled to vote. Classes 3 and 12 voted to accept the Plan. Classes 4–6 and 9–10 did not submit any ballots. Based on the Ballot Summary submitted by Debtor in connection with the Plan, Debtor has satisfied Section 1129(a)(8) of the Bankruptcy Code.

(i) 11 U.S.C. § 1129(a)(9). The Plan's treatment of Claims of a kind specified in Sections 507(a)(1) through (8) of the Bankruptcy Code satisfies the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code.

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

(j) <u>11 U.S.C. § 1129(a)(10).</u>  The Plan satisfies the requirements of Section 1129(a)(10) of the Bankruptcy Code.  As evidenced by the Ballot Summary, Impaired Class Nos. 3–6, 9–10 and 12 have accepted the Plan in accordance with Section 1126 of the Bankruptcy Code.  None of the creditors in such Classes are insiders of Debtor.  Debtor has satisfied the requirements of Section 1129(a)(10) of the Bankruptcy Code.

(k) <u>11 U.S.C. § 1129(a)(11).</u>  The Plan satisfies the requirements of Section 1129(a)(11) of the Bankruptcy Code.  The Plan provides for the continued operations of Debtor and for Debtor to make payments on Allowed Claims as provided in the Plan.  Debtor's cash flows admitted into evidence demonstrate Debtor will be able to make its Plan payments.  The Plan is feasible, and confirmation of the Plan is not likely to be followed by liquidation, or the need for further financial reorganization of Debtor or Reorganized Debtor or any successor thereto under the Plan; and the Plan establishes that Reorganized Debtor will have sufficient funds available to meet its obligations under the Plan.  Therefore, confirmation of the Plan is not likely to be followed by the need for further reorganization of Debtor.

(l) <u>11 U.S.C. § 1129(a)(12).</u>  Debtor has paid or will pay on the Effective Date, or upon approval by the Court, all Chapter 11 statutory and operating fees, if applicable, including Subchapter V Trustee fees required to be paid under Subchapter V during this Bankruptcy Case and will file all required fee statements.

(m) <u>11 U.S.C. § 1129(a)(13).</u>  Debtor does not have or maintain a pension plan or "retiree benefits" plan as that term is defined in Section 1129(a)(13) of the Bankruptcy Code and, therefore, Section 1129(a)(13) of the Bankruptcy Code is inapplicable.

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

    (n) <u>11 U.S.C. § 1129(a)(14–16).</u>  The provisions of Sections 1129(a)(14), (a)(15), and (a)(16) of the Bankruptcy Code are not applicable to Debtor's Bankruptcy Case.  Debtor (a) is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation, (b) is not an individual, and (c) is a moneyed business or commercial corporation.

11. **Compliance with 11 U.S.C. § 1191(a).**  The Court finds that all applicable requirements of Section 1129(a), other than paragraph (15) have been satisfied.  Therefore, the Court finds that the Plan can be confirmed pursuant to Section 1191(a).

12. **Compliance with 11 U.S.C. § 1129(c).**  The Bankruptcy Case is under Subchapter V, and, as such, this section of the Bankruptcy Code does not apply.

13. **Compliance with 11 U.S.C. § 1129(d).**  The Court finds that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

14. **Not Small Business Cases 11 U.S.C. § 1129(e).**  The Bankruptcy Case is under Subchapter V, and, as such, this section of the Bankruptcy Code does not apply.

15. **Satisfaction of Requirements under § 1193(a).**  The Plan was amended on October 7, 2024, in advance of the Confirmation Hearing [Dkt No. 100] to incorporate resolution of the Interstate Bank Objection pursuant to the Stipulation.  Such amendments comply with the requirements to modify a plan of reorganization prior to confirmation, including the requirements of Sections 1122 and 1123 of the Bankruptcy Code.

16. **Satisfaction of Confirmation Requirements.**  Based upon the foregoing, all other pleadings, documents, and exhibits filed in connection with confirmation of the Plan, and all evidence and

arguments made, proffered, or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in Sections 1129(a) and 1191(a) of the Bankruptcy Code.

17. **Payment Administrator under Plan.** Based on the Plan and the evidence presented at the Confirmation Hearing, the Court finds that Debtor shall act as the payment administrator under the Plan pursuant to Section 1194(b) of the Bankruptcy Code.

18. **Executory Contracts and Unexpired Leases.** Debtor has exercised sound business judgment in determining whether to assume or reject each of its executory contracts and unexpired leases pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code, and the Plan. Each assumption of an executory contract or unexpired lease pursuant to the Plan shall be legal, valid, and binding upon Debtor or Reorganized Debtor and its successors and assigns and all non-debtor parties and their successors and assigns to such executory contract or unexpired lease, all to the same extent as if such assumption were effectuated pursuant to an order of the Court under Section 365 of the Bankruptcy Code entered before entry of this Confirmation Order. Debtor shall provide adequate assurance that Debtor or its successors and assigns, as applicable, will cure defaults (if any) under or relating to each of the executory contracts and unexpired leases that are being assumed by Debtor pursuant to the Plan.

**BASED UPON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

19. **Findings of Fact and Conclusions of Law.** The above-referenced findings of fact and conclusions of law are hereby incorporated herein by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable through Bankruptcy Rule 9014. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and vice versa.

20. **Confirmation of the Plan.** The Plan proposed herein is hereby confirmed pursuant to Section 1191(a) of the Bankruptcy Code. The documents contained in or contemplated by the Plan are authorized and approved. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

21. **Objections.** All objections to Confirmation of the Plan and other responses, comments, statements, or reservations of rights, if any, in opposition to the Plan have been withdrawn, waived, or otherwise resolved by Debtor prior to entry of this Confirmation Order. To the extent any objections, reservations of rights, statements, or joinders to confirmation have not been resolved, withdrawn, waived, or settled prior to entry of this Confirmation Order or otherwise resolved herein or as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits based on the record before this Court.

22. **Effective Date.** The Effective Date of the Plan is the day that is the first business day after the thirtieth (30th) day following the date when the Confirmation Order becomes a final, non-appealable order. If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the day after the date on which the stay expires or is otherwise terminated. These are calculated as provided in Fed. R. Bankr. P. 9006(a)(1).

23. **Plan Implementation.**

(a) In accordance with Section 1142 of the Bankruptcy Code, without further action by the Court or the equity holders, managers, officers, or directors of Debtor, and its representatives, attorneys, professionals, and agents are authorized to: (i) take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan and this Confirmation Order, and the transactions contemplated thereby or hereby, and (ii) execute and deliver, adopt or amend, as the case may be, any

contracts, instruments, agreements, and documents necessary to implement, effectuate and consummate the Plan.

(b) Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan, including: (i) the assumption or rejection, as appropriate, of any executory contracts and unexpired leases, and (ii) entry into any contracts, instruments, agreements, and documents necessary to implement, effectuate, and consummate the Plan, shall be effective prior to, on, or after the Effective Date pursuant to this Order, without further notice, application to, or order of this Court, or further action by the respective managers, officers, directors, members, or equity holders of Debtor.

(c) To the extent that, under applicable non-bankruptcy law, any of the foregoing actions would otherwise require the consent or approval of the equity holders, members, managers, or directors of Debtor, this Confirmation Order shall, pursuant to Section 1142 of the Bankruptcy Code, constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the directors, managers, members, and equity holders of the appropriate Debtor, as applicable.

24. **No Action Required.** No action of the respective directors, boards of directors, equity holders, managers, officers, or members of Debtor is required to authorize Debtor to enter into, execute deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan, and any transaction, contract, assignment, certificate, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

25. **Effectiveness of All Actions.** All actions contemplated by the Plan are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the respective officers, directors, managers, members, or equity holders of Debtor and with the effect that such actions had been taken by unanimous action of such officers, directors, managers, members, or equity holders.

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

26. **Binding Effect**.  Pursuant to Section 1141 of the Bankruptcy Code, on the date of and after entry of this Confirmation Order, subject to the occurrence of the Effective Date and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or otherwise, this Confirmation Order and the Plan and each of its provisions shall be binding upon and inure to the benefit of:  (i) Debtor; (ii) all persons acquiring or receiving property or a distribution under the Plan; (iii) any present or future Holder of a Claim against or Equity Security Interest in Debtor, whether or not the Claim or Equity Security Interest of such Holder is Impaired under the Plan and whether or not such Holder or Entity accepted the Plan; (iv) any other party in interest; (v) any and all non-debtor parties to Debtor's executory contracts and unexpired leases; (vi) any person making an appearance in this case; (vii) any Entity receiving notice of this Bankruptcy Case; and (viii) any heirs, successors, assigns, trustee, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries or guardians of the foregoing. The rights and obligations of any Entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such Entity.

27. **Continued Existence of Debtor.**  On the Effective Date, Debtor shall continue to exist and operate its business in the ordinary course to make the payments called for in the Plan.

28. **Debtor's Actions Post-Confirmation Through the Effective Date.**  During the period from entry of this Confirmation Order through and until the Effective Date, Debtor shall continue to operate its business as a debtor-in-possession, subject to the oversight of the Court as provided under the Bankruptcy Code, the Bankruptcy Rules, and this Confirmation Order and any order of the Court that is in full force and effect.

29. **Estate Professionals.**  Professionals hired by Debtor during the pendency of the Bankruptcy Case shall remain employed by Debtor post-confirmation.  Debtor likewise shall have the right to seek to employ any further professionals it determines are necessary to assist it with the fulfillment

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

of its Plan.  Any estate professionals hired post-confirmation shall be required to seek approval from this Court for their employment.

30. **Preservation of Causes of Action.**  Debtor expressly reserves all rights to prosecute any and all of its respective causes of action against any person, except as expressly provided in the Plan.  Unless any causes of action are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Bankruptcy Court order, Debtor expressly reserves all of its respective causes of action for later adjudication.

31. **Executory Contracts and Leases.**  Debtor has satisfied the requirements of Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.  Entry of this Confirmation Order shall constitute approval of the assumptions and rejections provided for in the Plan, including any amendments agreed to by Debtor during the Bankruptcy Case to any executory contracts or unexpired leases being assumed by Debtor, pursuant to Sections 365(a) and 1123 of the Bankruptcy Code and a determination by the Court that Debtor has provided adequate assurance of future performance under such assumed executory contracts and unexpired leases.

32. **Administrative Claims.**  In accordance with Article IV, Section 4.1 of the Plan, all administrative expenses allowed under Section 503 of the Bankruptcy Code will be paid consistent with Section 1129(a)(9)(A) or Section 1191(e) of the Bankruptcy Code, including approved fees and expenses of Katharine Clark, Subchapter V Trustee.

33. **Discharge.**  Debtor will be discharged from any debt that arose before confirmation of the Plan to the extent specified in Sections 1192 and 1141(d)(1)(A) of the Bankruptcy Code.  Debtor will not be discharged from any debt imposed by this Plan.

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

34. **Payment Administrator under Plan.**  Pursuant to Section 1194(b), Debtor shall act as the payment administrator under the Plan.  The Trustee shall have no responsibility to make any payments required under the Plan or to serve in any way as the payment administrator.

35. **Retention of Jurisdiction.**  The Court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification.  Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

36. In accordance with the Bankruptcy Rules 2002 and 3020(c), not later than 10 business days after the Confirmation Order is final and no longer subject to appeal, Debtor shall serve the notice of confirmation of the Plan and file and serve a notice of the Effective Date providing the specific date of the Effective Date.

37. **Substantial Consummation.**  No later than 14 days after the Plan is substantially consummated, Debtor shall file with the Court and serve upon the Subchapter V Trustee, U.S. Trustee, and all parties in interest, notice of substantial consummation of the Plan as provided under Section 1183(c)(2) of the Bankruptcy Code.

38. **Severability.**  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

39. **Controlling Effect.**  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas

govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

40. In the event of a conflict between the terms of this Confirmation Order and those of the Plan, the terms of this Confirmation Order shall control.

41. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof. The 14-day automatic stay of Rule 3020(e) is waived.

###END OF ORDER###

**Findings of Fact, Conclusions of Law and**
**Order Confirming M&G Transportation, LLC's Plan**

**APPROVED AS TO FORM AND CONTENT
AND ENTRY REQUESTED:**

FORSHEY & PROSTOK LLP
*/s/ Harrison A. Pavlasek*
Harrison A. Pavlasek
State Bar No. 24126906
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: 817-877-8855
Facsimile: 817-877-4151
hpavlasek@forsheyprostok.com

*Attorneys for Debtor, M&G Transportation, LLC*

-and-

CAROTHERS & HAUSWIRTH LLP
*/s/ Gregory W. Hauswirth*
Patrick W. Carothers (PA ID No. 85721)*
Gregory W. Hauswirth (PA ID No. 307482)*
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA  15220
Telephone:  412-910-7500
Facsimile:   412-910-7510
pcarothers@ch-legal.com
ghauswirth@ch-legal.com

* *Admitted pro hac vice*

*Attorneys for Debtor, M&G Transportation, LLC*

**Findings of Fact, Conclusions of Law and
Order Confirming M&G Transportation, LLC's Plan**